IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL KELLER,                          )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )        Case No. 15-00069-CV-W-ODS-SSA
                                         )
CAROLYN W. COLVIN,                       )
Acting Commissioner of Social Security,  )
                                         )
                    Defendant.           )

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

        Pending is Plaintiff's appeal of the Commissioner of Social Security's final
decision denying his application for supplemental security income.  The Commissioner's
decision is reversed and the case is remanded for further proceedings.

        1.      The ALJ must obtain a consultative examination to determine the extent of
Plaintiff's limitations.  "While a claimant for benefits has the burden of proving a
disability, the Secretary has the duty to develop the record fully and fairly, even if ... the
claimant is represented by counsel."  Boyd v. Sullivan, 960 F.2d 733, 736 (8th Cir.
1992) (citation and internal quotation omitted); 20 C.F.R. § 416.919a(b) (stating that a
medical examination may be obtained if the administrative record does not provide
sufficient evidence to determine whether the claimant is disabled).  When the medical
records do not provide sufficient information to make an informed decision, the ALJ may
order a consultative examination.  Id. (citing 20 C.F.R. § 416.917).  "It is reversible error
for an ALJ not to order a consultative examination when such an evaluation is
necessary for him to make an informed decision."  Id. (citations omitted).  Here, the
Record does not provide sufficient evidence to determine whether Plaintiff is disabled.
Thus, the ALJ is ordered to obtain a consultative examination to determine the extent of
Plaintiff's limitations.

        2.      Upon receipt of the consultative examination, the ALJ must reformulate
the RFC, and in doing so, the ALJ must (a) include limitations related to Plaintiff's

severe headaches or specify why no such limitations are not included in the RFC, (b) reconsider the March 2014 Medical Source Statement ("MSS") provided by Larry Nichols, D.O., and either include the limitations set forth in the MSS or explain why those limitations are not included in the RFC, and (c) consider the consultative examination ordered in Paragraph 1 of this Order.

3.      The ALJ must re-evaluate Plaintiff's credibility.  Based upon the evidence gathered at the time of the hearing before the ALJ, the Court finds that the ALJ's finding that Plaintiff was partially credible was supported by the substantial evidence in the Record.  However, the ALJ must re-evaluate Plaintiff's credibility once the consultative medical examination ordered in Paragraph 1 of this Order has been received.


IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 14, 2015                        UNITED STATES DISTRICT COURT

2